UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD JEROME THORNTON,           :
                                  :
          Plaintiff               :   No. 3:CV-13-1086
                                  :
     v.                           :   (Judge Nealon)
                                  :
RONNIE R. HOLT, et al.,           :
                                  :
          Defendants              :

FILED
SCRANTON

SEP 1 2 2014

PER _____
    DEPUTY

## MEMORANDUM

## I. BACKGROUND

Harold Jerome Thornton, an inmate currently confined in the Lee County
United States Penitentiary,  Jonesville, ("USP-Lee County"), Virginia, filed the
above captioned Bivens[1] action, raising Due Process violations following a
Disciplinary Hearing, and Eighth Amendment claims alleging a general failure to
protect him from his cellmate.  (Doc. 1, complaint).

On October 3, 2013, Defendants filed a motion to dismiss and for summary
judgment, arguing, inter alia, Plaintiff failed to exhaust administrative remedies
prior to bringing the instant action.  (Doc. 17).  Subsequently, on October 31, 2013,
Defendants filed a statement of material facts, along with a supporting brief and

---

[1]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
403 U.S. 388 (1971).

exhibits. (Docs. 20, 21).

By Order dated January 7, 2014, Plaintiff was directed to file a brief in opposition in accordance with M.D. Pa. Local Rule 7.6[2] to Defendants' motion to dismiss and for summary judgment within twenty (20) days of the Order. (Doc. 7). Instead of filing a brief in opposition, Plaintiff filed an appeal of this Court's January 7, 2014, Order denying his motion for default judgment and finding that Defendants' motion to dismiss and for summary judgment was timely filed. See (Doc. 31).

On April 25, 2014, the United States Court of Appeals dismissed Plaintiff's appeal for failure to timely prosecute. (Doc. 33). Plaintiff had yet to oppose Defendants' pending motion to dismiss and for summary judgment. Thus, by Order dated August 28, 2014, this Court again directed Plaintiff to file a brief in opposition to Defendants' pending motion. (Doc. 34). Plaintiff was forewarned that his failure to communicate with the Court within twenty (20) days would result in dismissal of

---

[2]Pursuant to Local Rule 7.6:
Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.

his case for failure to prosecute and comply with a court order under the authority of

Federal Rule of Civil Procedure 41(b). Id. The time for filing a response has now

passed and Plaintiff has failed to respond. There has been no communication from

him since January 29, 2014.[3] Further, ten (10) months have passed since his

opposition to Defendants' motion to dismiss and for summary judgement was due,

and he has neither filed an opposition, nor requested an enlargement of time within

which to do so.

## II. Discussion

Generally, a dispositive motion may not be granted merely because it is

unopposed. However, when a plaintiff fails to prosecute or comply with a court

order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules

of Civil Procedure. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). In Link,

the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with
> prejudice because of his failure to prosecute cannot seriously be
> doubted. [footnote omitted] The power to invoke this sanction is
> necessary in order to prevent undue delays in the disposition of pending
> cases and to avoid congestion in the calendars of the District Courts.
> The power is of ancient origin, having its roots in judgments of nonsuit
> and non prosequitur entered at common law .... It has been expressly
> recognized in Federal Rule of Civil Procedure 41(b) ....

------

[3]On January 29, 2014, Plaintiff filed a motion for appointment of
counsel. See (Doc. 29).

3

Id. at 629–30.

The Third Circuit Court of Appeals held in <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991), that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint.  However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in <u>Link</u>, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order.  Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

<u>Stackhouse</u>, 951 F.2d at 30 (emphasis added); <u>see</u> <u>also</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) ("<u>Poulis</u> did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical

4

calculation .... [N]ot all of the <u>Poulis</u> factors[4] need be satisfied in order to dismiss a complaint .... Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

In the instant case, Plaintiff has twice been specifically directed to comply with Local Rule 7.6 and file an all-inclusive brief in opposition, and was warned of the consequences of failing to timely file his opposition. (Docs. 26, 34). Moreover, as is apparent from the history of litigation in this case, Plaintiff clearly has the ability to file documents and to communicate with this Court.

Ten (10) months have passed since his opposition to Defendants' motion to dismiss and for summary judgment was due, and he has not filed any brief in opposition or sought an extension of time in which to do so. As a result, it is concluded that Plaintiff's dilatoriness outweighs any of the other considerations set

---

[4]The Court of Appeals in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

forth in <u>Poulis</u>. <u>See</u> <u>Mindek</u>, 964 F.2d at 1373; <u>Binkley v. Rendell</u>, 2012 U.S. Dist. LEXIS 89510, *7 (M.D. Pa. 2012) (Rambo, J.) (concluding that the plaintiff's dilatoriness of less than one month in filing a brief in opposition outweighed any of the other considerations set forth in <u>Poulis</u>). Accordingly, the pending motion to dismiss and for summary judgment will be deemed unopposed, the motion will be granted and the complaint will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order.

A separate Order will be issued.


Dated: September 12, 2014

**United States District Judge**